### IN THE

# SUPREME JUDICIAL COURT

## AT THE SPECIAL SESSION IN BOSTON, IN OCTOBER 1859.

———

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. CHARLES A. DEWEY, ⎫
Hon. THERON METCALF, ⎪
Hon. GEORGE T. BIGELOW, ⎬ Justices.
Hon. EBENEZER R. HOAR, ⎭

---

## COMMONWEALTH vs. MARGARET McKENNEY.

In an indictment, which purports by its caption to have been found at a court at Northampton on the third Monday of December 1858, and avers that the defendant on the 1st of August 1858 " and on divers other days from that day to the day of the finding of this indictment," at Ware, "not being then and there duly appointed and authorized therefor," was a common seller of intoxicating liquors, the words " that day " and " not being then and there " refer with sufficient certainty to the time and place stated in the body of the indictment.

The repeal by *St.* 1859, *c.* 200, of so much of *St.* 1855, *c.* 215, as provided for the payment by the defendant, upon conviction in any prosecution on that statute, of a fee of ten dollars to the attorney for the Commonwealth, is no ground of arresting judgment in such a prosecution.

INDICTMENT on *St.* 1855, *c.* 215, § 17, purporting by its caption to have been found " at the court of common pleas begun and holden at Northampton within and for the county of Hampshire on the third Monday of December in the year one thousand eight hundred and fifty eight; " and averring that the defendant,

" on the first day of August in the year of our Lord one thousand eight hundred and fifty eight, and on divers other days from that day to the day of the finding of this indictment, at Ware in said county of Hampshire, she not being then and there duly appointed and authorized therefor, was a common seller of spirituous and intoxicating liquors," &c.

The defendant, being convicted in the court of common pleas at the same term, moved in arrest of judgment, " because it is uncertain whether the words ' then and there' refer to Ware or to Northampton, and therefore it is uncertain to what place the negation of authority refers ; " and " because the time of the offence is uncertainly and indefinitely stated, inasmuch as it is uncertain whether the words ' that day' refer to the first day of August or to the third Monday in December — both dates having been previously named in said indictment." *Bishop*, J. overruled the motion, and the defendant excepted.

*G. M. Stearns*, for the defendant. The caption may be referred to, to ascertain the time and place of the offence. *Commonwealth* v. *Edwards*, 4 Gray, 1. It is uncertain whether the words " then and there " and " that day " refer to the time and place stated in the caption, or to those stated in the body of the indictment. The indictment is therefore fatally defective. *Jane* v. *The State*, 3 Missouri, 61. *Bell* v. *Commonwealth*, 8 Grat. 600. *Commonwealth* v. *McLoon*, 5 Gray, 91.

Another cause for arresting judgment is to be found in the *St.* of 1859, *c.* 200, by which, since the conviction of this defendant, the penalty to be imposed has been changed, by repealing so much of § 15 of *St.* 1855, *c.* 215, as provides for the payment by the defendant, upon conviction, of a fee of ten dollars for the attorney of the government. *Commonwealth* v. *Herrick*, 6 Cush. 465.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

SHAW, C. J. The defendant's argument is, that as one day had been named in the caption, and another day as the day of the commencement of the term described in the indictment, it is uncertain to which " that day " refers. But we can perceive no such uncertainty. By a familiar rule of grammatical construc-

tion, " that day " was the day last named. And the qualifying clause (which is not a distinct averment), " she not being then and there duly appointed " &c., clearly refers to the period of time just set forth.

Another ground was taken in arrest of judgment, which also appears in some other cases, that since the acts charged as criminal were done, the punishment for being a common seller has been changed and diminished by a law repealing a previous provision by which a fee of ten dollars was allowed for an attorney before the magistrate, and made part of the penalty to which the defendant, in case of conviction, should be subject. But we think this change in the law affords no ground for arresting the judgment; first, because it merely affects the mode of taxing the costs ; and secondly, because a diminution of the punishment, after the act done and before conviction, does not prevent a judgment for the milder punishment. *Commonwealth* v. *Wyman,* 12 Cush. 237.

*Motion in arrest of judgment overruled.*